UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Shauna Ashmon and Genecia Drayton,

    Plaintiffs,

vs.

Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and Richland County Sheriff's Department.

    Defendants.

**C O M P L A I N T**
**(JURY TRIAL DEMANDED)**

## Introduction

1. This is an action for money damages under 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fifteenth Amendments to the United States Constitution, and state law tort claims, against Cpl. Zalenski, Trooper Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and the Richland County Sheriffs' Department. Defendants Zalenski, Wolfe, Harris, and Blackmon are sued as individuals. The Richland County Sheriff's Department is sued as a government entity. This United States District Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343, and pendent jurisdiction to entertain claims arising under state law.

2. The individual defendants, acting under color of state law as police officers, violated the rights of the plaintiffs with an unreasonable seizure of their persons, prohibited under the Fourth and Fourteenth Amendments to the United States Constitution, and these

defendants assaulted and battered the plaintiffs. These violations and torts were committed because of the policies and customs of the Richland County Sheriff's Department, as well as the result of negligence on the part of all defendants.

## Parties

3. Shauna Ashmon is a resident of Sumter County, South Carolina.

4. Genecia Drayton is a resident of Richland County, South Carolina.

5. At all times material to this Complaint, Defendants Zalenski, Wolfe, Harris, and Blackmon were employed by the Richland County Sheriff's Department.

6. The Richland County Sheriff's Department is a law enforcement agency organized under the laws of the state of South Carolina.

## Facts

7. In the afternoon of July 16, 2023, Plaintiffs Shauna Ashmon and Genecia Drayton, who are close friends, were leaving The Summit neighborhood in Columbia, South Carolina where Genecia Drayton lived and were heading out for a fun afternoon of playing bingo.

8. Plaintiff Ashmon was driving her vehicle with an Alaska license plate with the license plate number "VED953."

9. As Plaintiffs were sitting at the red light at the intersection of Summit Parkway and Clemson Road, they noticed a Richland County Sheriff's Department vehicle behind them.

10. At around the same time Plaintiffs noticed in their rear-view mirror, a Richland County Sheriff's Department vehicle traveling at a high rate of speed with its emergency lights activated, traveling towards them.

11. Suddenly, the Richland County Sheriff's Department vehicle that was traveling at a high rate of speed cut in front of Plaintiffs' vehicle and blocked them in.

12. An officer who Plaintiffs are informed and believe was Defendant Zalenski exited the vehicle, drew his gun, and pointed it at Plaintiffs who were still in their vehicle.

13. At around the same time, at least two additional Richland County Sheriff's Department vehicles appeared at the scene.

14. While pointing his gun at her, Defendant Zalenski aggressively ordered Plaintiff Ashmon to throw her keys out of the car and to hold both of her hands out of the driver's side window.

15. Defendant Zalenski then ordered Plaintiffs out of the car and told them to get on the ground.

16. Plaintiff Drayton was wearing a skort and therefore asked how she should position herself.

17. Defendant Zalenski then told her to stay standing and he forcefully handcuffed her.

18. Defendant Zalenski then ordered Plaintiff Ashmon to go to the back of the car where he forcefully handcuffed her.

19. Defendant Zalenski then detained Plaintiff Drayton in his vehicle and forced Plaintiff Ashmon into another officer's vehicle.

20. None of the defendant officers ever read Plaintiffs their Miranda rights and Plaintiffs were kept separated from each other for the entire detainment.

21. Defendant Zalenski never asked Plaintiffs for their licenses or vehicle registration.

22. Defendant Zalenski eventually searched Plaintiff Ashmon's purse and found her military identification card and license.

23. Plaintiff explained that she and her husband were previously stationed in Alaska.

24. Defendant Zalenski eventually explained to Plaintiff Drayton that Plaintiff Ashmon's license plate had the same letters and numbers as a South Carolina license plate on a car that had been stolen.

25. After at least ten-fifteen minutes, Defendant Zalenski finally released Plaintiffs from the handcuffs and detainment in the police vehicles.

26. Alaska license plates have different colors and configurations of numbers and letters than South Carolina license plates. **A picture of Plaintiff's license plate is attached hereto as Exhibit A.**

27. In arresting Plaintiffs, the Defendants lacked probable cause and were grossly negligent in failing to consider the fact that Plaintiff Ashmon's license plate was from Alaska and not from South Carolina.

28. In arresting Plaintiffs, the Defendants used physical force which was clearly excessive in light of the circumstances existing at the time of the traffic stop.

29. As a direct and proximate result of the acts of the defendant police, Plaintiffs suffered the following injuries and damages:

   a. violation of their constitutional rights under the Fourth and Fourteenth amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

   b. loss of their physical liberty;

   c. physical pain and suffering, embarrassment, and emotional trauma and suffering;

30. The actions of the defendant police violated the clearly established and well settled federal constitutional rights of Plaintiffs to be free from the unreasonable seizure of their person, and to be free from the excessive, unreasonable and unjustified force against her person.

31. The actions of the Defendants were grossly negligent, proximately causing physical and mental injuries and damages to Plaintiffs.

**COUNT I:     42 U.S.C. Section 1983 against Individual Defendants**

32. The Plaintiffs claim damages for the foregoing injuries and damages under 42 U.S.C. Section 1983 against the Defendants Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, and Deputy Christopher Blackmon for violation of their constitutional rights under color of state law.

**COUNT II:     Assault and Battery**

33. The Defendants Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, and Deputy Christopher Blackmon assaulted and battered Plaintiffs.

34. As a proximate result of the assault the Plaintiffs suffered the damages described above.

**COUNT III:     False Arrest and False Imprisonment**

35. The Defendants Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, and Deputy Christopher Blackmon without probable cause falsely arrested and illegally imprisoned Plaintiffs.

36. As a result of the false arrest and illegal imprisonment, the Plaintiffs suffered the damages described above.

**COUNT IV:   42 U.S.C. Section 1983 - Richland County Sheriff's Department**

37. On or about July 16, 2023, the Richland County Sheriff's Department developed and maintained customs, policies and practices which exhibited deliberate indifference to the constitutional rights of the citizens of Richland County, which caused the violation of the constitutional rights of Plaintiffs.

38. It was the custom, policy or practice of the defendant department to inadequately supervise and train its officers, including Defendants Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, and Deputy Christopher Blackmon, failing to adequately discourage constitutional violations on the part of its officers constituting the excessive use of force to effectuate arrests.

39. As a result of the foregoing customs, policies or practices, deputies employed by the defendant, including Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, and Deputy Christopher Blackmon, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not only not be investigated or sanctioned but would be tolerated.

40. The foregoing customs, policies or practices of the defendant demonstrated a deliberate indifference on the part of the defendant department to the constitutional rights of the citizens of Richland County, proximately causing the violations of the Plaintiffs' rights, resulting in the damages described above.

**COUNT V:     Negligence – S.C. Tort Claims Act**

41. The Defendant Richland County Sheriff's Department was negligent in the following particulars:

    a. Failure to train their officers in effectuating legal arrests;

    b. Failure to train their officers in the employment of reasonable force if arrest was proper;

  c. Failure to supervise their officers to avoid the employment of illegal arrest and excessive force, including assault, battery and brutality;

  d. Failure to investigate claims of excessive force, thereby encouraging an institutional culture of the use of excessive force among their employees.

42. As a direct and proximate result of the acts and delicts of the Defendants, the Plaintiffs suffered damages as described above.

WHEREFORE, the Plaintiffs request the following relief:

 a. Trial by jury on their claims;

 b. An award of compensatory damages against the Defendants, including but not limited to pain and suffering, mental anguish, and punitive damages, as the trier may assess;

 c. An award of reasonable attorneys' fees and costs allowed by statute;

 d. Such other and further relief as this court deems just.

*s/ Elizabeth Dalzell*
Elizabeth Dalzell
Fed I.D. No. #68797
Shealey Law Firm
1507 Richland Street
Columbia, SC 29201
(803) 929-0008
*Attorney for the Plaintiff*

Columbia, South Carolina

October 19, 2023