IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shauna Ashmon and Genecia Drayton, ) | C/A No.: 3:23-cv-05228-SAL-PJG |
| Plaintiffs, ) | |
| ) | **AMENDED ANSWER** |
| v. ) | |
| ) | **(Jury Trial Demanded)** |
| Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and Richland County Sheriff's Department, ) | |
| Defendants. ) | |

The Defendants Cpl. Zalenski,[1] M.D. Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and Richland County Sheriff's Department (hereinafter, "RCSD") hereby answer the Plaintiffs' Complaint as follows:

## FOR A FIRST DEFENSE

1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted and therefore, this action should be dismissed against the Defendants pursuant to Fed.R.Civ.P. 12(b)(6).

## FOR A SECOND DEFENSE

2. The Defendants deny each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

3. That as to the first three (3) sentences of Paragraph One (1), the Defendants acknowledge that the Plaintiffs have alleged federal constitutional violations pursuant to 42 U.S.C. § 1983 and state law claims against the named Defendants. The Defendants deny that any of Plaintiffs' causes of action with respect to the Defendants are meritorious. The last

---

[1] The Defendant Zalenski is improperly identified. The proper identification for this Defendant is Mariusz Zalewski.

1

sentence of Paragraph One (1) is jurisdictional in nature, can neither be admitted nor denied, and the Defendants crave reference thereto.

4. That as to Paragraphs Two (2), Twelve (12), Fourteen (14), Fifteen (15), Nineteen (19), Twenty-two (22), Twenty-four (24), Twenty-five (25), Twenty-seven (27), Twenty-eight (28), Twenty-nine (29), Thirty (30), Thirty-one (31), Thirty-two (32), Thirty-three (33), Thirty-four (34), Thirty-five (35), Thirty-six (36), Thirty-seven (37), Thirty-eight (38), Thirty-nine (39), Forty (40), Forty-one (41), and Forty-two (42), the Defendants deny same in its entirety and demand strict proof thereof.

5. That as to Paragraphs Three (3), Four (4), Seven (7), Nine (9), and Ten (10), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

6. That as to Paragraphs Five (5) and Thirteen (13), the Defendants only admit that the individually named Defendants were acting under color of state law and within the scope of their official duties at all times herein. The Defendants further assert that the individually named Defendants were at or near the incident location and acted appropriately and reasonably at all times herein. Finally, the Defendants categorically deny that any of the Plaintiffs' causes of action with respect to them are meritorious.

7. That as to Paragraph Six (6), the Defendants deny that the Defendant RCSD is a distinct legal entity, but assert that the proper entity is the Sheriff of Richland County in his official capacity and that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act (hereinafter, "SCTCA,) S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act. Except as stated herein, the Defendants expressly denies this paragraph and demand strict proof thereof.

8. That as to Paragraphs Eight (8) and Twenty-Six (26), the Defendants only admit upon information and belief that the vehicle occupied by Plaintiffs at the relevant times

was equipped with an Alaskan license plate bearing "VED953." The Defendants would further show upon information and belief that the Complaint does not contain an exhibit. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

9. That as to Paragraphs Eleven (11), Sixteen (16), Seventeen (17), Eighteen (18), Twenty (20), Twenty-one (21) and Twenty-three (23), the Defendants deny same as stated and demand strict proof thereof.

10. The Defendants deny the allegations and relief sought as set forth in the prayer of the Plaintiffs' Complaint to the extent the Plaintiffs seek any such relief herein.

### FOR A THIRD DEFENSE

11. The Defendants Zalenski, Wolfe, Harris, and Blackmon at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, they are entitled to immunity.

### FOR A FOURTH DEFENSE

12. The actions of the Defendants Zalenski, Wolfe, Harris, and Blackmon were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

### FOR A FIFTH DEFENSE

13. The Defendant RCSD is not a legal entity and, therefore, is not amenable to suit and is not the proper party defendant in this case. Furthermore, the Defendants assert that the proper entity is the Sheriff of Richland County in his official capacity and that his office constitutes a governmental entity as set forth pursuant to the SCTCA, S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act.

### FOR A SIXTH DEFENSE

14. The Defendants allege that they are immune from suit and liability pursuant to Eleventh Amendment immunity and/or sovereign immunity.

## FOR A SEVENTH DEFENSE

15. The Defendants are entitled to immunity under *Long v. Seabrook* and its progeny.

## FOR AN EIGHTH DEFENSE

16. The Defendants allege at all relevant times herein that the Defendants' employees were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, the Defendants are immune from suit.

## FOR A NINTH DEFENSE

17. The Defendants assert the Public Duty Rule as a bar to the Plaintiffs' allegations, in whole or in part.

## FOR A TENTH DEFENSE

18. To the extent that the Defendant RCSD is construed as the Sheriff Leon Lott, this Defendant alleges that he is not a "person" within the meaning of 42 U.S.C. § 1983 and, as such, is not subject to suit.

## FOR AN ELEVENTH DEFENSE

19. To the extent that the Defendant RCSD is construed as the Sheriff Leon Lott, the Complaint fails to state a cause of action pursuant to 42 U.S.C. § 1983 as this Defendant Lott cannot be liable pursuant to the principle of *respondent superior*.

## FOR A TWELFTH DEFENSE

20. The Defendants allege any and all claims for punitive damages should be dismissed as such damages are not properly recoverable under the common laws of the State of South Carolina or the SCTCA, S.C. Code Annotated § 15-78-120(b).

## FOR A THIRTEENTH DEFENSE

21. The Defendants further plead the specific provisions of the SCTCA, S.C. Code Ann. § 15-78-10 *et seq.*, (Supp. 2004), encompassing all of the immunities, limitations and defenses granted or preserved by the Act, and codified as S.C. Code Ann. §§ 15-78-20; 15-78-30; 15-78-40; specifically 15-78-60 (4), (5), (6), (20); 15-78-70; 15-78-100; 15-78-120; and, 15-78-200.

## FOR A FOURTEENTH DEFENSE

22. The Defendants are absolutely immune from the Plaintiffs' tort claims pursuant to S.C. Code Ann. §§ 15-78-40 and/or 15-78-50(b) of the SCTCA.

## FOR A FIFTEENTH DEFENSE

23. The Defendants Zalenski, Wolfe, Harris, and Blackmon in their individual capacities, are immune from suit pursuant to the SCTCA, S.C. Code Ann. § 15-78-70(c).

## FOR A SIXTEENTH DEFENSE

24. The Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by the Plaintiffs, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiffs which is more than the Defendants' negligence, and that such is a complete bar to the Plaintiffs' recovery herein. Further, the Defendants, upon information and belief, allege that if the Plaintiffs' negligence was less than the Defendants' negligence, that such negligence should be compared to that negligence of the Defendants, so as to apportion the relative fault as to each party.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, the Defendants Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and RCSD pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

*[Signature page follows]*

Respectfully submitted,

*/s/ Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
CROWE LAFAVE GARFIELD & BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.999.1225
robert@crowelafave.com
steve@crowelafave.com

*Counsel for Defendants*

Columbia, South Carolina
November 15, 2023