IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shauna Ashmon and Genecia Drayton, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert ) <br> Harris, Deputy Christopher Blackmon, and ) <br> Richland County Sheriff's Department, ) <br> ) <br> Defendants. ) <br> ) | C/A No.: 3:23-cv-05228-SAL-PJG <br><br> **JOINT REPORT PURSUANT TO FED.R.CIV.P. RULE 26(f) AND LOCAL RULE 26.03** |

Pursuant to Fed.R.Civ.P. Rule 26(f) and Local Rule 26.03, the parties make the following report to the Court:

**RULE 26(f), F.R.C.P.**

(A) What changes should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

**RESPONSE:**

**No changes should be made without prior discussion of counsel and/or leave of Court.**

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**RESPONSE:**

**Discovery in this case will be limited to basic discovery issues. The undersigned counsel anticipate conducting the depositions of the parties and any listed fact and expert witnesses, to inquire as to both liability and damages issues, as well as possible defenses. Other than these initial disclosures, written discovery requests, and several depositions by the parties, no other discovery is anticipated at this point.**

1

(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE:**

**None presently.**

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

**RESPONSE:**

**None presently.**

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE:**

**None.**

(F) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE:**

**No other orders other than the Court's Scheduling Order.**

## LOCAL RULE 26.03

1. A short statement of the facts of the case.

**RESPONSE**

**On July 16, 2023 at or about 4:00 p.m., the Plaintiffs were stopped by some or all of the Defendant Richland County Sheriff's Department ("RCSD") deputies while at a red light at the intersection of Summit Parkway and Clemson Road in Richland County. The initial basis for the stop concerned the suspicion of a stolen vehicle and the Plaintiffs were placed under investigative detention. Once it was confirmed that the vehicle was not stolen, the Plaintiffs were released.**

2.      The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

**(a)     Shauna Ashmon**

**The Plaintiff Ashmon is expected to testify regarding the facts and circumstances as alleged in her Complaint.**

**(b)     Genecia Drayton**

**The Plaintiff Drayton is expected to testify regarding the facts and circumstances as alleged in her Complaint.**

**(c)     Mariusz Zalewski**

**The Defendant Zalewski (improperly identified in the Complaint) was working as an RCSD deputy at all relevant times. He is expected to testify regarding his knowledge of the circumstances giving rise to this action and consistent with his participation during these events.**

**(d)     Tyler Wolfe**

**The Defendant Wolfe was working as an RCSD deputy at all relevant times. He is expected to testify regarding his knowledge of the circumstances giving rise to this action and consistent with his participation during these events.**

**(e)     Robert Harris**

**The Defendant Harris was working as an RCSD deputy at all relevant times. He is expected to testify regarding his knowledge of the circumstances giving rise to this action and consistent with his participation during these events.**

**(f)     Christopher Blackmon**

**The Defendant Blackmon was working as an RCSD deputy at all relevant times. He is expected to testify regarding his knowledge of the circumstances giving rise to this action and consistent with his participation during these events.**

---

**The parties reserve the right to call any and all witnesses identified during discovery. Additionally, as discovery is in its preliminary stage, the parties**

**specifically reserve the right to name additional witnesses identified during the discovery process and to call any witness at trial listed by any party to this action.**

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

**The parties have not yet determined whether experts may be needed for trial in this matter and will provide this information, once known, in accordance with the Conference and Scheduling Order. The parties reserve the right to name witnesses discovered during discovery and to call at the trial of this case any witness, whether fact or expert, listed by any party. The parties anticipate that the subject matter of any experts will be in the areas of law enforcement and/or damages.**

4. A summary of all claims or defense with statutory and/or case citations supporting the same.

**RESPONSE:**

**PLAINTIFFS' RESPONSE:**

**42 U.S.C § 1983 action for alleged violations of Plaintiffs' Fourth and Fourteenth Amendment rights.**

**Negligence/Gross Negligence: In order to recover for negligence in South Carolina, the Plaintiffs must prove by preponderance of the evidence that the Defendants (a) owed a duty of care to the Plaintiffs, (b) breached that duty by negligent act or omission, and (c) damages proximately resulted from that breach.** *Carolina Chloride, Inc. v. Richland County*, **394 S.C. 154, 163, 714 S.E. 2d 869, 873 (2011). Gross negligence is defined as "intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."** *Toney v. LaSalle Bank Nat. Ass'n*, **896 F. Supp. 2d 455, 479-80 (D.S.C. 2012) aff'd, 12-2364, 2013 WL 751299 (4th Cir. Feb. 28, 2013) quoting** *Steinke v. South Carolina Dep't of Labor, Licensing and Regulation*, **520 S.E. 2d 142, 153 (S.C. 1999).**

**False Arrest and Imprisonment: To prevail on a claim of false imprisonment, the Plaintiffs must show: (1) the Defendants restrained Plaintiffs; (2) the restraint was intentional; and (3) the restraint was unlawful.** *Andrews v. Piedmont Airlines*, **377 S.E. 2d 217 (Ct. App. 1989).**

**Assault:** The elements required for assault include: (1) conduct of the Defendants places the Plaintiffs; (2) in reasonable fear of bodily harm. *Gathers v. Harris Teeter Supermarket*, 282 S.C. 220, 317 S.E. 2d 748, 754-755 (Ct. App. 1984).

**Battery:** The element required for battery is he infliction of any forcible contact on the person of another. *Jones v. Winn-Dixie Greenville, Inc.,* 318 S.C. 171, 456 S.E. 2d 429 (Ct. App. 1995).

**Negligent Supervision and Training:** The elements required for negligent supervision are: (1) the employee is on the premises of the employer or using a chattel of the employer; (2) the employer knows or has reason to know of the ability to control the employee; (3) the employer knows or should know of the necessity and opportunity for exercising control. *Degenhart v. Knights of Columbia,* 309 S.C. 114, 420 S.E. 2d 495 (1992).

**SUMMARY OF DEFENDANT'S POSITION AND DEFENSES:**

The Defendants assert that the individually named Defendants were acting under color of state law and within the scope of their official duties at all relevant times. The Defendants further contend that they acted appropriately and reasonably at all times herein. Finally, the Defendants categorically deny that any of the Plaintiffs' causes of action with respect to them are meritorious.

The Defendants allege that they are immune from suit and liability pursuant to Eleventh Amendment immunity and/or sovereign immunity.

To the extent that the Defendant RCSD is construed as the Sheriff Leon Lott, this Defendant alleges that he is not a "person" within the meaning of 42 U.S.C. § 1983 and, as such, is not subject to suit. Moreover, the Complaint fails to state a cause of action pursuant to 42 U.S.C. § 1983 as this Defendant Lott cannot be liable pursuant to the principle of *respondent superior*.

The individual Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, they are entitled to immunity. Moreover, their actions were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

The Defendant RCSD is not a legal entity and, therefore, is not amenable to suit and is not the proper party defendant in this case. Furthermore, the Defendants assert that the proper entity is the Sheriff of Richland County in his official capacity and that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act (hereinafter, "SCTCA,) S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act.

The Defendants further plead the specific provisions of the SCTCA, S.C. Code Ann. § 15-78-10 *et seq.*, (Supp. 2004), encompassing all of the immunities, limitations and defenses granted or preserved by the Act, and codified as S.C. Code Ann. §§ 15-78-

**20; 15-78-30; 15-78-40; 15-78-50(b); specifically, 15-78-60 (4), (5), (6), (20); 15-78-70; 15-78-100; 15-78-120; and 15-78-200. Furthermore, the Defendants in their individual capacities, are immune from suit pursuant to the SCTCA, S.C. Code Ann. § 15-78-70(c). Finally, the Defendants allege any and all claims for punitive damages should be dismissed as such damages are not properly recoverable under the common laws of the State of South Carolina or the SCTCA, S.C. Code Annotated § 15-78-120(b).**

**The Defendants are entitled to immunity under *Long v. Seabrook* and its progeny. The Defendants further allege at all relevant times herein that the Defendant deputies were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, the Defendants are immune from suit.**

**The Defendants assert the Public Duty Rule as a bar to the Plaintiffs' allegations, in whole or in part. Additionally, the Defendants allege that any injuries or damages allegedly suffered by the Plaintiffs, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiffs which is more than the Defendants' negligence, and that such is a complete bar to the Plaintiffs' recovery herein. Further, the Defendants allege that if the Plaintiffs' negligence was less than the Defendants' negligence, that such negligence should be compared to that negligence of the Defendants, so as to apportion the relative fault as to each party.**

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16:02:

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b) Completion of discovery.

**RESPONSE:**

**The parties anticipate that discovery can be completed within the requisite periods as set forth by the Court's Scheduling Order.**

6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduled Order.

**RESPONSE:**

**The parties do not anticipate special circumstances which would affect the Court's Scheduling Order.**

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.

**RESPONSE:**

**Not applicable.**

                        Respectfully submitted,

                        */s/* Elizabeth Dalzell
                        Elizabeth Dalzell, Fed. ID 68797
                        SHEALEY LAW FIRM
                        1507 Richland Street
                        Columbia, South Carolina 29201
                        803.929.0008
                        liz@shealeylaw.com

                        *Counsel for Plaintiffs*

                    -   AND   -

                        */s/* Robert D. Garfield
                        Robert D. Garfield, Fed. ID 7799
                        Steven R. Spreeuwers, Fed. ID 11766
                        CROWE LAFAVE GARFIELD & BAGLEY, LLC
                        2019 Park Street
                        Columbia, South Carolina 29201
                        803.999.1225
                        robert@crowelafave.com
                        steve@crowelafave.com

                        *Counsel for Defendants*

Columbia, South Carolina

December 18, 2023