IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shauna Ashmon and Genecia Drayton,<br><br>Plaintiffs,<br><br>v.<br><br>Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and Richland County Sheriff's Department,<br><br>Defendants. | C/A No.: 3:23-cv-05228-SAL-PJG<br><br>**REPLY TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION ON BEHALF OF DEFENDANTS** |

On July 21, 2025, Magistrate Judge Paige J. Gossett issued a Report and Recommendation. [Dkt 47] In Her Honor's Report she recommended that the district judge grant the Defendants' motion for summary judgment. On August 1, 2025, Plaintiffs filed written objections to the Magistrate Judge's Report. [Dkt 48]

In response to those objections, the Defendants rely upon and incorporate herein the arguments included in both memoranda filed by the Defendants in support of their motion for summary judgment. [Dkts 29, 41]

The Defendants submit that Plaintiffs' objections are without merit; do nothing more than state a series of disagreements with the Magistrate Judge's Report; and summarize and reargue the issues previously raised in his opposition memo.

Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D.

1

Mich. 2004); *see also Spann v. Williams*, No. 8:21-CV-00892-JMC, 2022 WL 845860, at *4 (D.S.C. Mar. 22, 2022). Thus, a de novo review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case -- they are an opportunity to demonstrate ... particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler v. Berryhill*, No. 4:16-cv-03209- JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made, ... as these objections never cite specific conclusions of the [report] that are erroneous.' " (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005).

In the instant matter, Plaintiffs' objections rehash numerous arguments already addressed by the Report. In fact, the objections fail to cite any specific conclusions that the report was erroneous.[1] To this extent, a de novo review is unnecessary since much of Plaintiffs' objections are indistinguishable from arguments previously raised within their opposition memo.

The Defendants also wish to highlight or clarify the following points briefly.

As the Supreme Court and the Fourth Circuit have emphasized, the hallmark of qualified immunity's clearly established prong is fair warning. *See Kisela v. Hughes*, 584 U.S. 100, 104 (2018) ("Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct."); *see also Somers v. Devine*, 132 F.4th 689, 695-96 (4th Cir. 2025) ("Qualified immunity does not permit

---

[1] To illustrate, the words "Report" or "Recommendation" are mentioned once in the ten-page "Discussion" portion of Plaintiffs' objections.

law enforcement to act with impunity, throwing our nation's constitutional commitments to the winds of individual discretion. But it does require fair notice of the landscape of the law to those who must enforce it.")

In Plaintiffs' memorandum in opposition to summary judgment, Plaintiffs set forth no legal precedent or any reference to a bright-line rule that would have put the Defendant deputies on notice that their conduct was unlawful. All Plaintiffs did was rehash, in conclusory fashion, the constitutional violations that the Defendants purportedly committed. *See e.g.* Dkt 35, p. 13. ("This is plain incompetence and a knowing violation of the law Plaintiffs' rights under the Fourth Amendment."). This glaring omission was not lost on Judge Gossett in Her Honor's Report:

> An examination of clearly established jurisprudence reveals no precedential authority for the situation presented here. In fact, even taking all of the facts in the light most favorable to the plaintiffs, the plaintiffs have failed to direct the court to any case or body of relevant law where officers acting under similar circumstances have been held to have violated a person's Fourth Amendment rights.

*See* Dkt 47, pp. 9-10.

In a "Hail Mary" attempt to work in some established law on the subject, in their objections, Plaintiffs discuss three opinions by the Ninth Circuit Court of Appeals. *See* Dkt 48, pp. 19-20. In light of these decisions, Plaintiffs argue that "any reasonable officer should know that a use of physical force, including pointing a firearm and handcuffing the Plaintiffs, was unreasonable in light of the circumstances existing at the time of the stop." *Id.*, p. 20. Quite pointedly, Plaintiffs are once again failing to direct the Court "to any case or body of relevant law where officers acting under similar circumstances have been held to have violated a person's Fourth Amendment rights." *Owens ex rel. Owens v. Lott*, 372 F.3d 267, 279 (4th Cir. 2004) ("To determine whether a right was clearly established, we first look to cases from the Supreme Court, this Court, or the highest court of the state in which the action arose.")

In *Ray v. Roane*, 948 F.3d 222, 229 (4th Cir. 2020), the Fourth Circuit held that "In the absence of directly on-point, binding authority, courts may also consider whether the right was clearly established based on general constitutional principles or a consensus of persuasive authority." The *Ray* Court acknowledged that "the Supreme Court has ruled against defining a right at too high a level of generality and held that doing so fails to provide fair warning to officers that their conduct is unlawful outside an obvious case." *Id*. (Internal citations and quotations omitted)

Thus, the self-described "ample precedent, albeit from the Ninth Circuit"[2] cited by Plaintiffs was plainly insufficient to give the Defendant deputies fair warning that their alleged conduct ran afoul of their Fourth Amendment rights and are of no use in the clearly established inquiry.

Consequently, in Her Honor's well-reasoned and analyzed Report, the Magistrate Judge correctly concluded that summary judgment be granted. Based upon the foregoing, the Defendants respectfully request that this Court adopt the Magistrate Judge's Report and Recommendation.

Respectfully submitted,

GARFIELD SPREEUWERS LAW GROUP

*/s/ Robert D. Garfield*
Robert D. Garfield, Fed. ID 7799
Steven R. Spreeuwers, Fed. ID 11766
1220 Pickens Street
Columbia, South Carolina 29201
T: 803.830.5496
robert@gslawsc.com
steve@gslawsc.com

*Counsel for the Defendants*

Columbia, South Carolina
August 15, 2025

---

[2] *See* Dkt 48, p. 20.