IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shauna Ashmon<br>and Genecia Drayton,<br><br>    Plaintiffs,<br><br>v.<br><br>Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and Richland County Sheriff's Department,<br><br>    Defendants. | C/A No.: 3:23-cv-05228-SAL-PJG<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFFS' RULE 59 MOTION TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS** |

Plaintiffs have filed a motion to alter or amend the Order [Dkt 53] issued on September 16, 2025, granting Defendants' Motion for Summary Judgment in the above-captioned matter, which warrants a response on behalf of the Defendants. The Defendants assert their motion should be denied on the following grounds.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted).

The moving party bears the burden of establishing one of these three grounds in order to obtain relief under this Rule. *See e.g. Loren Data Corp. v. GXS, Inc.*, 501 F. App'x. 275, 285 (4th Cir. 2012). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). (internal quotation omitted)

1

Importantly, motions to reconsider may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment. *Id.* at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."); *see also Tetrev v. Pride Int'l, Inc.*, 444 F. Supp. 2d 524, 527 (D.S.C. 2006).

Applying the law to Plaintiffs' previous arguments, it quickly becomes apparent that Plaintiffs are attempting to use a Rule 59(e) motion for an improper purpose. The grounds listed in Plaintiffs' Rule 59(e) Motion are the same argued and briefed in Plaintiffs' memorandum in opposition to Defendant's motion for summary judgment filed November 28, 2024, as well as their written objections to the Report and Recommendation filed August 1, 2025. *See* Dks 35, 48. In fact, Plaintiffs' present motion to reconsider merely repeats the arguments concerning the merits and qualified immunity. This includes the reasonableness of the Defendants' mistake and the nature and scope of their investigation. For instance, in their motion to reconsider, Plaintiff asserts

> This wasn't even a hunch and it was more than mere negligence. It was a willful failure to pay enough attention to the details of the plate and a willful failure to investigate to confirm suspicion knowing that he had untrustworthy evidence. Defendant Wolfe furthered the recklessness of the stop when he appeared on the scene and failed to simply look at the plate to confirm that it and was therefore not the plate they were looking for. Neither Defendant has given an objectively reasonable reason why they failed to perform any kind of investigation.

Plaintiffs' submission is virtually a "cut and paste" undertaking since this passage nearly repeats verbatim the arguments in their third consecutive brief.[1] Moreover, Plaintiffs conspicuously fail to present any intervening changes in controlling law that may have taken place.

---

[1] *See* Dkt 35, p. 12; *see also* Dkt 48, pp. 15-16.

The only possible basis for Plaintiffs' motion is that the Court made a clear error of law. Therefore, Plaintiffs have no basis for this motion other than their mere disagreement with how the Court applied the law in this case. *See e.g. Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("mere disagreement [with an order] does not support a Rule 59(e) motion").

Based upon the foregoing, the Court's Order is not a clear error of law, nor manifestly unjust, nor has there been a change in controlling law or new evidence to consider since the ruling. Accordingly, there is no basis to reconsider the Court's prior Order. For these reasons, the Court should deny Plaintiffs' motion for reconsideration.

    Respectfully submitted,

    GARFIELD SPREEUWERS LAW GROUP

    */s/ Robert D. Garfield*
    Robert D. Garfield, Fed. ID 7799
    Steven R. Spreeuwers, Fed. ID 11766
    1220 Pickens Street
    Columbia, South Carolina 29201
    T: 803.830.5496
    robert@gslawsc.com
    steve@gslawsc.com

    *Counsel for the Defendants*

Columbia, South Carolina
September 30, 2025