IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shauna Ashmon and Genecia Drayton,<br><br>    Plaintiffs,<br><br>v.<br><br>Cpl. Zalenski, M.D. Tyler Wolfe, Gen. Robert Harris, Deputy Christopher Blackmon, and Richland County Sheriff's Department,<br><br>    Defendants. | Case No.: 3:23-cv-5228-SAL<br><br><br>**ORDER** |

Shauna Ashmon and Genecia Drayton ("Plaintiffs") filed this civil rights case pursuant to 42 U.S.C. § 1983, alleging constitutional violations and state tort claims. On August 19, 2025, the court entered an order granting Defendants' motion for summary judgment. [ECF No. 51.] Plaintiffs now ask the court to reconsider its order. [ECF No. 53.]

A motion to alter or amend a judgment under Rule 59(e) may be made on three grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Reconsideration is an extraordinary remedy which should be used sparingly. *Id.*

Plaintiffs' motion fails to identify any intervening change in controlling law, new evidence, or clear error of law. Rather, Plaintiffs merely reassert earlier arguments regarding qualified immunity and claim Defendants are not entitled to summary judgment. To the extent Plaintiffs argue Defendants violated their constitutional rights, the court previously assumed without deciding that this prong of the qualified immunity analysis was met. [ECF No. 51 at 7.] To the

1

extent Plaintiffs argue those rights were clearly established, their arguments fail for the reasons already explained in the court's previous order. *Id.* at 7–10. Any new or novel legal arguments raised for the first time in this motion are not properly considered at this stage. *See Pac. Ins. Co.*, 148 F.3d at 404. As Plaintiffs fail to meet any of the above 59(e) criteria, their motion for reconsideration, ECF No. 53, is properly denied.

    **IT IS SO ORDERED.**

October 9, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge